IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN M. HAILEY, | ) |
| Plaintiff, | ) |
| vs. | ) 3:20-cv-00060 |
| JOHN WETZEL, Secretary of DOC, et al, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Alvin M. Hailey, an inmate currently incarcerated at SCI Somerset, has commenced this action in which he alleges that his constitutional rights were violated by Defendants by various actions, including misplacing or losing his personal property and legal documents. According to Plaintiff, this includes evidence regarding a separate lawsuit that he filed in the Eastern District of Pennsylvania. He also claims that Defendants engaged in retaliatory and intimidating conduct.

Presently pending before the Court is Plaintiff's Renewed Request for Leave to Conduct Pretrial Discovery. For the following reasons, Plaintiff's Request is granted in part and denied in part.

With respect to the Plaintiff's Interrogatories and Request for Production of Documents (ECF No. 27), Defendants will not be required to respond to Interrogatory Nos. 13 through 19 and 22. Plaintiff has already identified the individuals whom he alleges engaged in wrongful conduct. Therefore, obtaining the names of all personnel who engage in these duties, particularly without a

time frame that relates to this action, is not only overly broad, but has no relevance to the issues in dispute.

Regarding Plaintiff's First Request for Production of Documents (ECF No. 29), Defendants will not be required to respond to Request Nos. 1, 3, 4, 8 through 14, 20 or 22. Regarding Request Nos. 4 and 9 thorough 13, all current DOC policies are available for review on its website, which should be accessible to Plaintiff on the law library computer.  If they are not available or Plaintiff is unable to review them, then he should advise the Court.  At that point, his requests will need to be narrowed so that they address the needs of this case.  As stated, these requests, which seek all rules, regulations and policies of the DOC and SCI Somerset, as well as "all policies, directives or instructions" on five separate topics, are not limited in time, over broad and not sufficientlydirected to the specific issues in this case.  Similarly, Request No. 1, which seeks Plaintiff's entire prison record, and Request No. 3, which asks for all of his medical records, are overly broad and not calculated to solicit information that could be even arguably relevant to Plaintiff's claims.

Request No. 8 seeks all disciplinary reports, grievances and misconduct reports filed against all twelve defendants on a number of topics, as well as all documents created in response to any such reports, since December 5, 2018.  This request is overly broad and unduly burdensome and the burden it would impose outweighs any potential benefit.  Discovery of the circumstances of other grievances or disciplinary reports regarding the broad issues defined by Plaintiff, including the "mistreatment of inmates, their property, legal mail or any law library related grievances," is not proportional to the needs of this case.  Plaintiff has requested and will be able to obtain documents related to his specific claims and the grievances which he filed, which should be sufficient to fully explore his claims.  Likewise, Request Nos. 20 and 22, which seek, respectively,

all "administrative reports" regarding the DOC Defendants since their date of hire and "all documents and reports" regarding all defendants, are not tailored to the issues or needs of this case. Request No. 14, which requests all grievances filed by any inmate at SCI Somerset since December 5, 2018, is even more broad and is not proportional to the needs of this action.

Therefore, Defendants will not be required to respond to Request Nos. 1, 3, 4, 8 through 14, 20 and 22.

Finally, Defendants shall respond to Plaintiff's Request for Admissions (ECF No. 28) in their entirety.

Therefore, other than as limited herein, Defendants shall respond to Plaintiff's discovery within thirty (30) days of the date of this Order. This Order is issued without prejudice to Defendants' right to interpose objections to the discovery sought by Plaintiff that has been approved by the Court.

SO ORDERED this 1st day of July, 2020.

_____
PATRICIA L. DODGE
United States Magistrate Judge