IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN M. HAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN WETZEL, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 3:20-cv-60 |

### MEMORANDUM AND ORDER[1]

For the reasons that follow, Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (ECF No. 91) is denied.

**I.     Relevant Background**

Plaintiff is a state prisoner housed at SCI Somerset. He filed his Amended Complaint (ECF No. 22) in May 2020. It names as defendants John E. Wetzel, who is the Secretary of the Pennsylvania Department of Corrections, and eleven officials, officers, or personnel who worked at SCI Somerset during the events in question in this lawsuit.

The Amended Complaint brings claims arising from incidents that Plaintiff alleges occurred at SCI Somerset from February 20, 2019 through February 12, 2020. In relevant part, Plaintiff alleges that on February 20, 2019 one or more of the Defendants destroyed, lost, or stole his personal property, including legal documents that: (1) he required to "perfect" a petition challenging his state court judgment of sentence under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*; and (2) which were relevant to a civil lawsuit he was pursuing in the United States District Court for the Eastern District of Pennsylvania against

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

1

Montgomery County. (*See id.* ¶¶ 20-33.) Plaintiff further alleges that as a result of this incident "the PCRA court…denied [his] request for legal documents and [an] extension of time[,]" and also that he "lost…evidence pertaining to [his] federal lawsuit." (*Id.* ¶¶ 31-32.) As relief, Plaintiff seeks monetary damages to compensate him for his lost legal materials in the amount of $1.5 million. (*Id.* ¶ 97.)

Discovery in this case has concluded and Defendants' motion for summary judgment is pending before the Court. (ECF No. 78.)

Also pending before the Court is Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction. (ECF No. 91). In it, Plaintiff makes the broad assertion that he continues to be "retaliated against for the exercising of his right to redress." (*Id.* at p. 1). However, Plaintiff does not describe any recent alleged retaliatory conduct and instead references incidents that he alleges occurred in 2019. (*Id.*) The immediate injunctive relief Plaintiff seeks is an order from the Court directing Defendants to return his legal property to him, which he claims he requires for his PCRA proceeding and for his civil action in the Eastern District Court at *Hailey v. Montgomery Correctional Facility*, No. 19-cv-2171 (E.D. Pa.). (*Id.* at p. 2). Plaintiff contends that "Defendants have no legitimate interest in keeping [his] legal material or in delaying the future filing of these proceedings," and that he will suffer irreparable injury if he does not receive immediate injunctive relief because of the "increased risk of delayed filing" in his PCRA case and his civil action in the Eastern District Court at No. 19-cv-2171. (*Id.*)

Defendants have filed their response in opposition to Plaintiff's motion (ECF No. 100) and the motion is now ripe for review.

**II.    Discussion**

It is well established that temporary or preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In evaluating a movant's request for a temporary restraining order or preliminary injunctive relief, courts employ the familiar four-factor balancing test. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176-79 (3d Cir. 2017). That test requires that the movant demonstrate a reasonable probability of eventual success in the litigation, and that it is more likely than not that he will suffer irreparable injury in the absence of immediate injunctive relief. *Id.* The remaining two factors are the possibility of harm to other interested persons from the grant or denial of the injunction, and the public interest. *Id.* If the movant meets his burden with respect to the first two factors, which are the "most critical[,]" "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Here, Plaintiff has not demonstrated that he will be irreparably injured if he does not receive the relief he seeks. First, he has not established that Defendants are currently in possession of his legal materials. As set forth above, he alleges in the Amended Complaint that those materials were lost, destroyed, or stolen and he seeks monetary damages as compensation for his loss, not the return of those materials.

Second, and even more importantly, Plaintiff has not established that he requires his legal materials to litigate either his civil action in the Eastern District Court or a PCRA case. The Court takes judicial notice of the docket of Plaintiff's civil action against Montgomery County in the Eastern District Court at No. 19-cv-2171. It establishes that more than a year ago the defendants

in that case and Plaintiff—who was represented by counsel—reached a settlement. Therefore, that case was dismissed with prejudice on July 28, 2020. As for Plaintiff's contention that he requires legal materials for his PCRA case, he fails to provide any details regarding that case, such as in what court he is litigating it, its current status or whether he is represented by counsel. Thus, there is no basis for the Court to conclude that Plaintiff will miss any deadlines in the PCRA case if he does not receive the immediate injunctive relief he seeks.

Based upon the foregoing, Plaintiff has not met his burden of demonstrating that he is entitled to immediate injunctive relief. Therefore, Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (ECF No. 91) is DENIED.

.

SO ORDERED this 3rd day of August, 2021.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge